ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Reginald Perkins appeals from a decision of the common pleas court classifying him as a sexual predator in accordance with the provisions of Chapter 2950 of the Revised Code. On appeal, he challenges the sufficiency of the evidence upon which the court based its determination. After reviewing this issue, we affirm the judgment of the trial court.
The history of this case reveals that on February 9, 1981, the grand jury indicted Reginald Perkins for rape of a child under thirteen years of age, attempted rape by the use of threat or force of a child under the age of thirteen, and gross sexual imposition. On July 28, 1981, Perkins pled guilty to the indictment and the court sentenced him to a term of life imprisonment on count one, concurrent with a term of four to fifteen years on count two, concurrent with a term of two to ten years on count three.
Eighteen years later, on September 22, 1999, the court, in accordance with a recommendation from the department of rehabilitation and correction, conducted a sexual predator classification hearing. At that time, the prosecutor reiterated the facts of the April 4, 1980 rape, in which Perkins gave a twelve-year-old female named Antoinette some beer and a marijuana joint to smoke, then lured her to a secluded area, grabbed her and forcibly removed her clothes; she continued to scream and he hit her with his fist to stop her from screaming. The prosecutor then detailed the attempted rape and gross sexual imposition of another twelve-year-old female, Lashelle, who went with Perkins to look for a friend in an apartment building. At that time, Perkins grabbed her, took her inside, threw her on a bed, attempted to remove her clothes, touched her genitals and began to hit her in the face with his fists because she started screaming. When someone knocked on the apartment door, Perkins fled.
The presentence investigation report submitted to the court corroborated the version of facts submitted by the prosecutor and detailed the incidents more fully: On April 4, 1980, approximately 11:30 a.m., Perkins and twelve-year-old Antoinette had been at Perkins mother's home for a party. Perkins gave his sister and Antoinette beer and a marijuana cigarette and later the two girls went across the street to play. Perkins joined the girls and then suggested that his sister leave, which she did. Antoinette also attempted to leave, but Perkins refused to let her do so. Perkins then unsnapped her pants and when Antoinette began to resist and scream, Perkins threatened to tie her up and threatened to hit her if she continued to scream. She discontinued her resistance and Perkins raped her. Antoinette then reported the incident to her mother, and went to Mt. Sinai Hospital.
The presentence investigation report also corroborates that eight months later, on December 19, 1980, approximately 9:00 p.m., Perkins asked twelve-year-old Lashelle, another female victim, to go with him to an apartment building and help him look for one of their mutual friends, Kenny. Lashelle agreed and proceeded with him across the street into the building. Perkins then pushed her into the hallway of the building and into Kenny's apartment. Lashelle began to scream causing Perkins to put his hand over her mouth. Perkins then threw her on a bed, got on top of her, and while holding her down, began hitting her in the face with his fists. Lashelle resisted and scratched Perkins while he attempted to undress her. He then reached under her skirt and fondled her. At that point, Kenny returned home and Perkins fled.
In response to the court's questions posed to him at the sexual predator hearing, Perkins claimed to have completed a sex offender program while in prison and will be participating in one once he is paroled. The record reflects that he had been on parole on these offenses in 1990 or 1991 and resided in Texas for four years without any further allegation of re-offending in any sexual way. However, Perkins had been re-incarcerated for violating other conditions of his parole, in that he failed to report. As a result of the hearing, the court found him to be a sexual predator.
Perkins now appeals from that determination and sets forth the following assignment of error.
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE BY CLEAR AND CONVINCING EVIDENCE, THAT APPELLANT IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES.
Relying on State v. Ward (Feb. 8, 1999), Cuyahoga App. No. 72371, unreported, Perkins contends the court abused its discretion in classifying him as a sexual predator because the state did not present clear and convincing evidence that he is likely to participate in a sexually oriented offense in the future.
The state, however, urges affirmance of the court's judgment claiming the decision to classify Perkins as a sexual predator is based on evidence of his prior criminal record, the age of the victims, the fact that alcohol and force had been used during the commission of the crimes involving multiple victims, and the statutory factors which the court is duty-bound to consider.
Thus, the issue on appeal concerns whether the trial court properly classified Perkins as a sexual predator.
A sexual predator is defined in R.C. 2950.01(E) as:
 [A] person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(1) provides for a hearing during which the court determines whether the individual is a sexual predator, and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09(B)(2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
Furthermore, R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *
In a sexual predator proceeding, R.C. 2950.09(B)(3) requires that the trial court use the "clear and convincing evidence" standard of proof. Thus, a reviewing court must examine the record to determine if the trier of fact had sufficient evidence before it to satisfy the "clear and convincing" standard of proof. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361.
Perkins argues to us that in Ward, we considered the evidence in that record on the issue of whether he was likely to engage in future sexually oriented offenses, which consisted of his conviction for felonious sexual penetration, the fact that the victim had been five years old, and the threat of force. We concluded in that instance that all the evidence showed is that Ward committed a sexually oriented offense, not that he was more likely to commit another such offense.
But the facts in this case are different from Ward. Here, Perkins committed two sexually oriented offenses, involving two different victims on two separate occasions over an eight or nine month period, and in each, he preyed on twelve-year-old females; he raped one and tried to rape the other. He used and threatened to use force in each incident. These actions create a pattern of conduct useful in predicting future behavior.
The transcript of the sexual predator classification hearing in this case reveals that the trial judge considered the fact that Perkins had been twenty-four years of age at the time of the first incident and twenty-five at the time of the second; that both victims had been twelve years old; that the two offenses occurred approximately eight months apart; that Perkins used alcohol to impair one of his victims; that on the first occasion, Perkins threatened to tie up Antoinette and threatened to hit her; and that Perkins did hit Lashelle in the face with his fists.
Our review of the record persuades us that the record in this case contains clear and convincing evidence that Perkins is a sexual predator and the trial court properly determined him to be a sexual predator. This case differs materially from that of the defendant's case in State v. Shepherd (Aug. 19, 1999), Cuyahoga App. No. 72794, unreported, in that Shepherd had been convicted of only one sexually oriented offense, and the balance of his criminal record consisted of multiple theft offenses between the ages of 14 and 27; he had been paroled for thirty-one months.
Here, the record shows that Perkins has demonstrated a pattern of violent sexual activity, preying upon very young females and using drugs and alcohol in the pursuit of his criminal behavior. The fact that he did not commit another sexually oriented crime while on parole in Texas does not cause us to believe the court erred in its sexual predator determination. Accordingly, the judgment of the trial court is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
JAMES D. SWEENEY, J. and JAMES M. PORTER, J., CONCUR.
 ___________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE